# WORTH, LONGWORTH & LONDON, LLP

ATTORNEYS AND COUNSELLORS AT LAW

111 JOHN STREET, SUITE 640
NEW YORK, N.Y. 10038
TELEPHONE: (212) 964-8038
FACSIMILE: (212) 964-8164

May 22, 2015

Hon. Analisa Torres
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>Attali v. City of New York, et, al.</u>
               15-CV- 0426 (AT)

Your Honor,

      I represent the individually-named Defendants New York City Police Officers Christopher Delbrocolo and Brendan Sullivan ("Delbrocolo" and "Sullivan") in the above-referenced matter. I write to respectfully request that the Court enter an Order staying the requirement of mediation pending the conclusion of the NYPD Internal Affairs Bureau investigation of this matter or, in the alternative, staying mediation for sixty (60) days. Counsel for co-defendant, the City of New York, consents to a stay but counsel for plaintiff does not.

      By way of background, Plaintiff's Summons and Complaint was filed on January 21, 2015, naming the City of New York, Delbrocolo and Sullivan and others, as Defendants. (*see* ECF Document #1) On or about January 31, 2015, Delbrocolo and Sullivan made timely requests, pursuant to General Municipal Law § 50-k ("G.M.L. § 50-k") for legal representation from the NYC Law Department's Office of the Corporation Counsel. Thereafter, the Law Department informed both Delbrocolo and Sullivan by letter that it was declining to represent them in this matter. Upon information and belief, the basis for the declination was a pending investigation by the N.Y.P.D. Internal Affairs Bureau into the allegations that form the basis of this civil action. As a result of the Law Department's declination, our firm appeared on behalf of both on May 20, 2015 and will be filing an Answer on their behalf, forthwith. It is anticipated that their Answer will assert cross-claims against Defendant City of New York for statutory legal representation and indemnification pursuant to General Muncipal Law § 50-k ("50-k").

      Pursuant to the Rules of the Southern District of New York, this matter has designated for mediation and, prior to our firm's entry, a Pre-Mediation telephone conference between the assigned mediator and the parties has been scheduled for May 28, 2015 at 4:00 PM. I respectfully submit that conducting the mediation while the IAB investigation is pending would preclude an effective mediation. Until the investigation is concluded, both Officers will not know

whether any allegation of wrongdoing will be substantiated against them. That determination has direct bearing on the City of New York's statutory responsibility to defend and indemnify them under 50-k. Given this state of limbo, my clients are presently unable to intelligently determine whether a personal contribution to a global settlement is in their interest. Since it is unlikely, based on prior experience, that the City will be given settlement authority without a financial commitment from each Officer, mediation at the present time would be futile and a waste of judicial resources.

As a result, I respectfully request on behalf of Debrocolo and Sullivan that the Court stay the requirement of mediation in this matter, pending a determination by IAB and, consequently, by the Defendant City of New York regarding the officers' request for legal representation in this matter. This is the first request for the requested relief.

I thank the Court for its time and consideration of this matter.

Respectfully Submitted,

_____/s/_____
Mitchell Garber (MG 6652)

CC: **VIA ECF & MAIL**

Christopher Francis Bellistri
Cronin & Byczek, LLP
Attorneys for Plaintiff
1981 Marcus Ave.
Lake Success, NY 11042

Rocco G. Avallone
Avallone & Bellistri, LLP
Attorneys for Plaintiff
3000 Marcus Avenue Suite 3E7
Lake Success, NY 11042

Shira M. Bank
New York City Law Department
100 Church Street
New York, NY 10007

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007