UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID ATTALI,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. CHRISTOPHER
DELBROCOLO, P.O. JOSEPH BENEDUCE, P.O.
BRENDAN SULLIVAN, P.O. PHILIP MIRANDA,
P.O. "JOHN" DRUMMY, DEPUTY INSPECTOR
KEVIN BURKE, SGT. ALEX PORCELLI, SGT.
FELIX SANTANA, and LT. DAVID CHANG,
Sued In Their Individual and Official Capacities

                Defendants.
------------------------------------------------------------X

**ANSWER TO COMPLAINT**

15-Civ. 00426 (AT) (HBP)

Jury Trial Demanded

        Defendants P.O CHRISTOPHER DELBROCOLO ("DELBROCOLO") and P.O. BRENDAN SULLIVAN ("SULLIVAN") as their Answer to plaintiff's Complaint ("Complaint") allege as follows:

1. Deny the allegations of paragraph 1 of the complaint.

2. Deny the allegations of paragraph 2 of the complaint, except admit that plaintiff purports to proceed as set forth herein.

3. Deny the allegations of paragraph 3 of the complaint, except admit that plaintiff seeks to invoke the jurisdiction of this Court.

4. Deny the allegations of paragraph 4 of the complaint, except admit that plaintiff seeks to invoke the jurisdiction of this Court.

5. Deny the allegations of paragraph 5 of the complaint, except admit that plaintiff seeks to invoke the jurisdiction of this Court.

1

6. Deny the allegations of paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8. Deny the allegations of paragraph 8 of the complaint, except refer to the Verified Complaint referred to therein for the contents thereof.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Deny the allegations of paragraph 10 of the complaint.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

12. Deny the allegations of paragraph 12 of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York with offices in the City and State of New York.

13. Deny the allegations of paragraph 13 of the complaint, except admit that the City of New York employs more than fifteen employees.

14. Deny the allegations of paragraph 14 of the complaint, except admit that P.O. Christopher Delbrocolo is employed by NYPD, is a Patrolmen's Benevolent Association ("PBA") delegate and assigned to the WTC Command.

15. Deny the allegations of paragraph 15 of the complaint, except admit that P.O Joseph Beneduce is employed by NYPD, is a PBA delegate and assigned to the WTC Command.

16. Deny the allegations of paragraph 16 of the complaint, except admit that P.O Brendan Sullivan is employed by NYPD and assigned to the WTC Command.

17. Deny the allegations of paragraph 17 of the complaint, except admit that P.O Phillip Miranda is employed by NYPD and assigned to WTC Command.

18. Deny the allegations of paragraph 18 of the complaint, except admit that P.O James Drummy is employed by NYPD, and was previously assigned to WTC Command.

19. Deny the allegations of paragraph 19 of the complaint, except admit that NYPD Deputy Inspector Kevin Burke is the Commanding Officer of the WTC Command.

20. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

22. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23. Deny the allegations of paragraph 23 of the complaint.

24. Deny the allegations of paragraph 24 of the complaint.

25. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

26. Deny the allegations of paragraph 26 of the complaint, except admit that plaintiff filed a charge with NYPD OEEO and EEOC.

27. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

28. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint.

29. Deny the allegations of paragraph 29, except admit that plaintiff was assigned at the WTC Command during his employment with NYPD.

30. Deny the allegations of paragraph 30 of the complaint.

31. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

32. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the complaint.

33. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint.

34. Deny the allegations of paragraph 34 of the complaint, except deny knowledge of information sufficient to form a belief as to the truth of the allegations regarding what plaintiff witnessed and felt

35. Deny the allegations of paragraph 35 of the complaint.

36. Deny the allegations of paragraph 36 of the complaint.

37. Deny the allegations of paragraph 37 of the complaint.

38. Deny the allegations of paragraph 38 of the complaint.

39. Deny the allegations of paragraph 39 of the complaint.

40. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint.

41. Deny the allegations of paragraph 41 of the complaint.

42. Deny the allegations of paragraph 42 of the complaint.

43. Deny the allegations of paragraph 43 of the complaint.

44. Deny the allegations of paragraph 44 of the complaint.

45. Deny the allegations of paragraph 45 of the complaint.

46. Deny the allegations of paragraph 46 of the complaint.

47. Deny the allegations of paragraph 47 of the complaint.

48. Deny the allegations of paragraph 48 of the complaint.

49. Deny the allegations of paragraph 49 of the complaint.

50. Deny the allegations of paragraph 50 of the complaint.

51. Deny the allegations of paragraph 51 of the complaint.

52. Deny the allegations of paragraph 52 of the complaint.

53. Deny the allegations of paragraph 53 of the complaint.

54. Deny the allegations of paragraph 54 of the complaint.

55. Deny the allegations of paragraph 55 of the complaint.

56. Deny the allegations of paragraph 56 of the complaint.

57. Deny the allegations of paragraph 57 of the complaint.

58. Deny the allegations of paragraph 58 of the complaint.

59. Deny the allegations of paragraph 59 of the complaint.

60. Deny the allegations of paragraph 60 of the complaint.

61. Deny the allegations of paragraph 61 of the complaint.

62. Deny the allegations of paragraph 62 of the complaint.

63. Deny the allegations of paragraph 63 of the complaint.

64. Deny the allegations of paragraph 64 of the complaint.

65. Deny the allegations of paragraph 65 of the complaint.

66. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the complaint.

67. Deny the allegations of paragraph 67 of the complaint.

68. Deny the allegations of paragraph 68 of the complaint.

69. Deny the allegations of paragraph 69 of the complaint.

70. Deny the allegations of paragraph 70 of the complaint.

71. Deny the allegations of paragraph 71 of the complaint.

72. Deny the allegations of paragraph 72 of the complaint.

73. Deny the allegations of paragraph 73 of the complaint.

74. Deny the allegations of paragraph 74 of the complaint.

75. Deny the allegations of paragraph 75 of the complaint.

76. Deny the allegations of paragraph 76 of the complaint.

77. Deny the allegations of paragraph 77 of the complaint.

78. Deny the allegations of paragraph 78 of the complaint.

79. Deny the allegations of paragraph 79 of the complaint.

80. Deny the allegations of paragraph 80 of the complaint.

81. **(THERE IS NO PARAGRAPH 81).**

82. Deny the allegations of paragraph 82 of the complaint.

83. Deny the allegations of paragraph 83 of the complaint.

84. Deny the allegations of paragraph 84 of the complaint.

85. Deny the allegations of paragraph 85 of the complaint.

86. Deny the allegations of paragraph 86 of the complaint.

87. Deny the allegations of paragraph 87 of the complaint.

88. Deny the allegations of paragraph 88 of the complaint.

89. Deny the allegations of paragraph 89 of the complaint.

90. Deny the allegations of paragraph 90 of the complaint.

91. Deny the allegations of paragraph 91 of the complaint.

92. Deny the allegations of paragraph 92 of the complaint.

93. Deny the allegations of paragraph 35 of the complaint.

94. In response to the allegations of paragraph 94 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 93 above.

95. Deny the allegations of paragraph 35 of the complaint.

96. Deny the allegations of paragraph 35 of the complaint.

97. Deny the allegations of paragraph 35 of the complaint.

98. Deny the allegations of paragraph 35 of the complaint.

99. Deny the allegations of paragraph 35 of the complaint.

100. Deny the allegations of paragraph 35 of the complaint.

101. In response to the allegations set forth in paragraph 101 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 100 above.

102. Deny the allegations of paragraph 102 of the complaint.

103. Deny the allegations of paragraph 103 of the complaint.

104. Deny the allegations of paragraph 104 of the complaint.

105. Deny the allegations of paragraph 105 of the complaint.

106. Deny the allegations of paragraph 106 of the complaint.

107. Deny the allegations of paragraph 107 of the complaint.

108. In response to the allegations set forth in paragraph 108 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 107 above.

109. Deny the allegations of paragraph 109 of the complaint.

110. Deny the allegations of paragraph 110 of the complaint.

111. Deny the allegations of paragraph 111 of the complaint.

112. Deny the allegations of paragraph 112 of the complaint.

113. Deny the allegations of paragraph 113 of the complaint.

114. Deny the allegations of paragraph 114 of the complaint.

115. In response to the allegations set forth in paragraph 115 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 114 above.

116. Deny the allegations of paragraph 116 of the complaint.

117. Deny the allegations of paragraph 117 of the complaint.

118. Deny the allegations of paragraph 118 of the complaint.

119. Deny the allegations of paragraph 119 of the complaint.

120. Deny the allegations of paragraph 120 of the complaint.

121. In response to the allegations set forth in paragraph 121 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 120 above.

122. Deny the allegations of paragraph 122 of the complaint.

123. Deny the allegations of paragraph 123 of the complaint.

124. Deny the allegations of paragraph 124 of the complaint.

125. In response to the allegations set forth in paragraph 125 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 124 above.

126. Deny the allegations of paragraph 126 of the complaint, except refer to New York State Executive Law § 296 for the contents thereof.

127. Deny the allegations of paragraph 127 of the complaint.

128. Deny the allegations of paragraph 128 of the complaint.

129. Deny the allegations of paragraph 129 of the complaint.

130. Deny the allegations of paragraph 130 of the complaint.

131. In response to the allegations set forth in paragraph 131 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 130 above.

132. Deny the allegations of paragraph 132 of the complaint, except refer to New York State Executive Law § 296 for the contents thereof.

133. Deny the allegations of paragraph 133 of the complaint.

134. Deny the allegations of paragraph 134 of the complaint.

135. Deny the allegations of paragraph 135 of the complaint.

136. In response to the allegations set forth in paragraph 136 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 135 above.

137. Deny the allegations of paragraph 137 of the complaint, except refer to New York City Administrative Code § 8-107 for the contents thereof.

138. Deny the allegations of paragraph 138 of the complaint.

139. Deny the allegations of paragraph 139 of the complaint.

140. Deny the allegations of paragraph 140 of the complaint.

141. Deny the allegations of paragraph 141 of the complaint.

142. In response to the allegations set forth in paragraph 142 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 141 above.

143. Deny the allegations of paragraph 143 of the complaint, except refer to New York City Administrative Code § 8-107 for the contents thereof.

144. Deny the allegations of paragraph 144 of the complaint.

145. Deny the allegations of paragraph 145 of the complaint.

146. Deny the allegations of paragraph 146 of the complaint.

147. In response to the allegations set forth in paragraph 147 of the complaint, defendants repeat and re-allege the responses set forth in paragraphs 1 through 146 above.

148. Deny the allegations of paragraph 148 of the complaint.

149. Deny the allegations of paragraph 149 of the complaint.

150. Deny the allegations of paragraph 150 of the complaint.

151. Deny the allegations of paragraph 151 of the complaint.

152. Deny the allegations of paragraph 152 of the complaint.

153. Deny the allegations of paragraph 153 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

154. The complaint fails to sate a claim upon which relief can be granted

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

155. The complaint is barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

156. Plaintiff's claims should be barred in whole or in part because the conduct complained of consisted of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

157. At all times relevant to the acts alleged in the complaint, the conduct of the defendants was reasonable, proper, lawful, made in good faith and without malice and/or without willful intent to violate any applicable law, rule or regulation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

158. The claims asserted against the individual defendants named herein are barred in whole or in part by reason of the qualified immunity to which they are entitled.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

159. At all times relevant to the acts alleged in the complaint, answering defendants acted in conformity with all applicable laws, rules and regulations, and any actions taken with respect to plaintiff were undertaken for legitimate, non-discriminatory business reasons.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

160. The complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit, or to exhaust all administrative remedies, or both.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

161. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

162. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

163. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or appropriate mechanisms provided by the City to its employees or to otherwise avoid harm.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

164. If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

165. If it is determined that Defendants POLICE OFFICER CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN were acting under the color of law, then all of the acts of Defendants POLICE OFFICER CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN were performed within the scope of their duties and within the scope of their employment as New York City Police Officers, and any liability to the Plaintiff must

be assumed by their employer, Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

### AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

166. Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendants POLICE OFFICER CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN, then said Defendants are entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

### AS FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

167. If it is determined that Defendants POLICE OFFICER CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN were acting under the color of law, then all of the actions of Defendants POLICE OFFICER CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN were performed within the performance of their duties and within the scope of their employment as New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

168. Any damages sustained by Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

169. Pursuant to this provision of NYS General Municipal Law Section 50-k, if Plaintiff recovers any judgment against Defendants POLICE OFFICER

CHRISTOPHER DELBROCOLO and POLICE OFFICER BRENDAN SULLIVAN then the answering Defendants are entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

**WHEREFORE,** defendants herein request judgment:

A. Dismissing the complaint and denying all relief requested therein;

B. Granting defendants herein such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 26, 2015

Yours, etc.,

_____/s/_____

By: Mitchell Garber (MG 6652)
WORTH, LONGWORTH & LONDON LLP
*Attorneys for Defendants P.O. Christopher Delbrocolo and P.O. Brendan Sullivan*
111 John Street - Suite 640
New York, New York  10038
(212) 964-8038

TO:   **VIA ECF**

Christopher Francis Bellistri
Cronin & Byczek, LLP
*Attorneys for Plaintiff*
1981 Marcus Ave.
Lake Success, NY 11042

Rocco G. Avallone
Avallone & Bellistri, LLP
*Attorneys for Plaintiff*
3000 Marcus Avenue Suite 3E7
Lake Success, NY 11042

Shira M. Bank
New York City Law Department
100 Church Street
New York, NY 10007

Jay Young Kim
New York City Law Department
100 Church Street, Room 2663
New York, NY 10007