

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Gerald E. Singleton**
Phone: (212) 356-2036
Fax: (212) 356-2038
E-mail: gsinglet@law.nyc.gov

April 25, 2017

**By ECF and Electronic Mail**
Honorable Henry B. Pitman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18A
New York, NY 10007-1312

> Re: David Attali v. City of New York, P.O. Christopher Delbrocolo, P.O. Joseph Beneduce, P.O. Brendan Sullivan, P.O. Phillip Miranda, P.O. "John" Drummy, Deputy Inspector Kevin Burke, Sgt. Alex Porcelli, Sgt. Felix Santana and Lt. David Chang,   15 Cv 426 (AT)(HPB) – Regarding relevance of certain text messages from plaintiff to Gilad Afridonidze

Dear Judge Pitman:

In accordance with your Order dated April 19, 2017 (ECF Doc. No. 90), we write on behalf of defendants City of New York (the "City"), Deputy Inspector Kevin Burke, Sgt. Alex Porcelli, Sgt. Felix Santana and Lt. David Chang to submit copies of certain text messages between plaintiff Attali and Gilad Afridonidze and explain their relevance to the issues in dispute.

Plaintiff David Attali ("Attali") was an NYPD police officer in the World Trade Center Command ("WTCC"). Attali, who is Jewish, alleges that he was constructively discharged by reason of a hostile work environment in which he was subjected to ongoing anti-Semitic remarks, and the posting of offensive material on his locker, by his fellow officers. To establish a hostile work environment, plaintiff "must produce evidence that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000), quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

In examining whether a hostile work environment was created, courts look to the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity;

Hon. Henry B. Pitman
April 25, 2017

whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." See *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The workplace conditions must be both objectively hostile to a reasonable person and subjectively hostile as perceived by the plaintiff. See *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

The objective hostility of a work environment depends on the totality of the circumstances. *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003). The "inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). As the Supreme Court explained in *Oncale*: "The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive."

The City has retrieved numerous text messages that were sent to and received from Attali and fellow NYPD officers using their personal cellphones. The issue is whether Attali considered the material offensive and whether it altered the terms and conditions of his employment. A jury should be permitted to consider all of the circumstances and how Attali reacted to the messages he received. There will be testimony from other officers that Attali himself initiated and told anti-Semitic jokes; that he circulated racially offensive materials; and that he often spoke to fellow officers of his hatred of Muslims. There will be testimony that the people sending the texts were trusted friends and that messages were thought to be amusing and not intended as mean spirited or discriminatory.

At issue on this motion are two images that were received by Attali via text messages from other officers in the WTCC on the midnight tour starting on November 6 continuing to November 7, 2013. Attali sent both images to his friend Gilad Afridonidze, shortly after the end of the tour. Gilad Afridonidze was not an NYPD police officer. The text messages were sent six months before Attali filed his complaint of discrimination with the NYPD OEEO.

The first text message contains an image of what appears to be a dwarf bug-eyed dark-skinned man being interviewed by a man with a microphone squatting beside him. The image was sent to Attali at 11:40 p.m. by defendant Joseph Beneduce on November 6, 2013. Attali sent the same image to Gilad on November 7, 2013 at 7:07 a.m., which is shortly after the end of the tour in which he received the image. Attali apparently edited the image before sending it to Gilad by writing the word "HUSSIAN" in red at the bottom of the image.

The second text message contains an image of a smiling young man with Down syndrome wearing a t-shirt that reads "at least I'm not a nigger!" The text message was sent to Attali and five other officers at 6:16 a.m. on November 7, 2013 by defendant Christopher Delbrocolo. Attali sent the image to Gilad via text message at 7:01 a.m. on November 7, 2013.

Hon. Henry B. Pitman
April 25, 2017

The City contends that these text messages are relevant and should be considered by a jury in assessing the totality of circumstances. We submit that a jury could conclude that Attali thought the images were amusing and not offensive, and part and parcel of a series of crude jokes circulated in a social context among like-minded people. Considering all of the circumstances, a jury could conclude that Attali did not find any of the material transmitted to him by fellow officers to be personally offensive, such that it affected the terms and conditions of his employment, forcing him to resign before the conclusion of the OEEO investigation.

Respectfully submitted,

Gerald E. Singleton

cc: Rocco G. Avallone, (via ECF and Email)
     Christopher F. Bellistri, (via ECF and Email)
     Mitchell Garber, (via ECF and Email)
     Douglas LaBarbera (via ECF and Email)

MMS Messages (2298)

| # | Parties | Content | Other | Deleted |
|---|---------|---------|-------|---------|
| 1 | Timestamp:<br>11/7/2013<br>8:23:01 AM(UTC-5)<br>From:<br>3477318631<br>Po Sully*<br>To:<br>6319728149<br>Po Delbrocolo*<br>6315750391<br>Po Osma*<br>3477390177<br>Po Brown*<br>3472105341<br>Po Joe*<br>3473037231<br>9143349110<br>Po Miranda* | Subject: No subject<br>Body:<br>Racist!<br>Attachments:<br><br>text_0.txt    0.smil | Status: Read<br>Source Extraction:<br>Physical, File System, Logical | |
| 2 | Timestamp:<br>11/7/2013<br>8:23:01 AM(UTC-5)<br>From:<br>3477318631<br>Sully Po * | Subject: No subject<br>Body:<br>Racist! | Status: Read<br>Priority: Normal<br>Source Extraction:<br>Logical | |
| 3 | Timestamp:<br>11/7/2013<br>7:07:56 AM(UTC-5)<br>To:<br>+16464410026<br>Gilad* | Subject: No subject<br>Body:<br>Attachments:<br><br>smil.xml    2013-11-06-23-50-57.jpg | Status: Unknown<br>Source Extraction:<br>Physical, File System, Logical | |
| 4 | Timestamp:<br>11/7/2013<br>7:07:56 AM(UTC-5)<br>To:<br>+16464410026<br>Gilad * | Subject: No subject<br>Body:<br>Attachments:<br><br>2013-11-06-23-50-57.jpg | Status: Sent<br>Priority: Normal<br>Source Extraction:<br>Logical | |
| 5 | Timestamp:<br>11/7/2013<br>7:01:45 AM(UTC-5)<br>To:<br>+16464410026<br>Gilad* | Subject: Fwd:<br>Body:<br>Yo call me today around 1pm please<br>Attachments:<br><br>537    smil.xml<br><br>text_0.txt | Status: Unknown<br>Source Extraction:<br>Physical, File System, Logical | |
| 6 | Timestamp:<br>11/7/2013<br>7:01:45 AM(UTC-5)<br>To:<br>+16464410026<br>Gilad * | Subject: Fwd:<br>Body:<br>Yo call me today around 1pm please<br>Attachments:<br><br>537 | Status: Sent<br>Priority: Normal<br>Source Extraction:<br>Logical | |

1533

| # | Details | Content | | Status |
|---|---|---|---|---|
| 7 | Timestamp:<br>11/7/2013<br>6:16:52 AM(UTC-5)<br>From:<br>6319728149<br>Po Delbrocolo*<br>To:<br>9143349110<br>Po Miranda*<br>3473037231<br>3472105341<br>Po Joe*<br>3477390177<br>Po Brown*<br>3477318631<br>Po Sully*<br>6315750391<br>Po Osma* | Subject: No subject<br>Body:<br>Attachments:<br><br>smil.xml | imagejpeg952.jpeg | Status: Read<br>Source Extraction:<br>Physical, File System, Logical |
| 8 | Timestamp:<br>11/6/2013<br>11:40:16 PM(UTC-5)<br>From:<br>3472105341<br>Po Joe*<br>To:<br>3473037231 | Subject: No subject<br>Body:<br>These midnights are the shit.<br>Attachments:<br><br>0.smil<br><br>text_1.txt | IMG_5941.jpeg | Status: Read<br>Source Extraction:<br>Physical, File System, Logical |
| 9 | Timestamp:<br>11/6/2013<br>11:40:16 PM(UTC-5)<br>From:<br>3472105341<br>Joe Po * | Subject: No subject<br>Body:<br>These midnights are the shit.<br>Attachments:<br><br>IMG_5941.jpeg | | Status: Read<br>Priority: Normal<br>Source Extraction:<br>Logical |





