UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DAVID ATTALI,                              :

               Plaintiff,    :     15 Civ. 426 (AT)(HBP)

  -against-                               :     ORDER

CITY OF NEW YORK, et al.,                  :

               Defendant.    :

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/12

      PITMAN, United States Magistrate Judge:

      This is a an employment discrimination in which plaintiff, a former police officer with the New York City Police Department, alleges that he was subjected to a hostile work environment and constructively discharged on the basis of his religion. The present dispute arises out of plaintiff's own dissemination of bigoted, racist text messages.

      According to the complaint, plaintiff was a police officer with the New York City Police Department from 2008 until 2014 when, according to plaintiff, he was forced to retire as a result of being forced to work in an environment in which he was constantly bombarded with anti-Semitic slurs and epithets. According to the complaint, the slurs to which plaintiff was subjected included "lazy jew," "lazy fucking kike," "stupid jew,

"jewboy," etc. The comments allegedly made also included crude and sarcastic references to concentration camp crematoria.

In response, defendants appear to be claiming that plaintiff's work place had a rough and tumble atmosphere in which comments like those quoted above -- along with comments directed at the protected characteristics of other individuals -- were exchanged by all employees without malice and that no offense was really taken by the recipients of the comments. In other words, defendants claim that the subjective element of a hostile environment claim was not present. See generally Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 119 (2d Cir. 2010) ("The relevant inquiry [in a hostile environment cases] focuses on both objective and subjective hostility: 'A work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it.'").

The present dispute arises out of the parties' review of the text messages on plaintiff's cell phone. Counsel for all parties were provided with copies of all text messages on plaintiff's cell phone on an "eyes-of-counsel-only" basis, with the understanding that defendants would discard or return to plaintiff any text messages that were privileged or that were clearly irrelevant to the claims or defenses in this matter. Happily,

counsel were able to agree with respect to all text messages except the relatively few that are in issue here.

The present dispute involves two digital images that were sent to plaintiff by two of the defendants and subsequently forwarded by plaintiff to a friend of his who is not a police officer. The first image was sent to plaintiff by defendant Police Officer Joseph Beneduce and depicts what appears to be a dark-skinned adult male who suffers from severely stunted growth (the individual appears to be approximately 3 feet tall) and has bulging eyes. Plaintiff retransmitted this image to his friend with the word "hussian" written across the bottom.[1]

The second image was initially sent to plaintiff and others by defendant Police Officer Christopher Delbrocolo. It depicts a smiling young man who obviously suffers from Down's Syndrome and who is wearing a t-shirt that bears the words "at least I'm not a n____r!" It does not appear that Delbrocolo appended any text to the image when he sent it to plaintiff. Plaintiff re-transmitted the image to his friend with a request that his friend call him.[2]

---

[1] It appears that plaintiff was attempting to spell "Hussain."

[2] It is not clear whether plaintiff, Beneduce and Delbrocolo received or sent these images during working hours.

3

The City argues that the images are relevant because based on the images, "a jury could conclude that Attali thought the images were amusing and not offensive, and part and parcel of a series of crude jokes circulated in a social context among like-minded people" (Letter from Assistant Corporation Counsel Gerald E. Singleton to the undersigned, dated April 25, 2017 (Docket Item 91) at 3).

The City's argument is unconvincing. I do not believe there is any logical basis to infer that an individual's bigoted attitude toward others with different characteristics makes that individual less sensitive to abusive comments directed at the individual. For example, I do not believe there is any basis to conclude that a hypothetical Caucasian female employee who harbors and exhibits discriminatory animus towards individuals of color is less likely to be offended by sexist comments or behavior in the workplace. There is no logical connection between the two. In addition, the fact that plaintiff may have bigoted attitudes towards other individuals is immaterial to his own discrimination claims; I am aware of no precedent that limits the protection of Title VII to those who lack discriminatory animus towards others.

Accordingly, for all the foregoing reasons, defendants' counsel are directed to return to plaintiff's counsel all the

4

text messages that are the subject of the instant motion and to confirm to plaintiff's counsel in writing that no copies have been retained.

Dated: New York, New York
       May 15, 2017

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

5