USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
DAVID ATTALI,          :

          Plaintiff,   :   15 Civ. 426 (AT)(HBP)

  -against-           :   OPINION
                           AND ORDER
CITY OF NEW YORK, et al.,   :

          Defendants.  :
----------------------------------X

        PITMAN, United States Magistrate Judge:

I. Introduction

        I write to resolve a dispute among the parties concerning plaintiff's objections and responses to 59 of the requests for admissions ("RFAs") served by defendants. Defendants claim that the responses are inadequate and seek an Order either directing plaintiff to serve amended responses or deeming the requests admitted (Defs.' Letter to the Undersigned, dated June 20, 2017 (Docket Item ("D.I.") 101 ("Defs.' Motion")). Plaintiff argues that these RFAs themselves are improper and that, in any event, his responses comply with plaintiff's obligations under Fed.R.Civ.P. 36 (Pl.'s Letter to the Undersigned, dated June 22, 2017 (D.I. 104) ("Pl.'s Opp.")).

II. Facts

This is an employment discrimination lawsuit in which plaintiff, a former police officer with the New York City Police Department ("NYPD"), alleges that he was subjected to a hostile work environment and constructively discharged on the basis of his religion. Defendants have served 59 RFAs on plaintiff that primarily relate to NYPD policies and statements plaintiff allegedly made to other officers during his tenure at the NYPD.

III. Analysis

A. Requests for Admission under Fed.R.Civ.P. 36

Federal Rule of Civil Procedure 36(a) provides:

[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

"This procedure is designed to promote the narrowing of issues for trial, and can be a significant aid to the court as well as the parties in ensuring a shorter and more focu[s]ed trial." Sequa Corp. v. Gelmin, 91 Civ. 8675 (CSH), 1993 WL 350029 at *1

2

(S.D.N.Y. Sept. 7, 1993) (Dolinger, M.J.). In setting forth the scope of an "Answer," the rule provides:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4). If the court finds that "an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed.R.Civ.P. 36(a)(6).

### B. Application

For purposes of this Opinion, the RFA responses and/or objections that defendants are challenging can be divided into five categories, each of which is addressed separately below.

#### 1. RFAs 1 through 7, NYPD Anti-Discrimination Policies

In RFAs one through seven, defendants sought admissions regarding plaintiff's knowledge of defendants' anti-discrimina-

tion policies and the training plaintiff received concerning these policies. Plaintiff responded to each of these with the same narrative statement setting forth plaintiff's views on the facts and defendants' policies and practices.

An example of these RFAs and plaintiff's response is as follows:

Request No. 1

You were aware during the course of your employment with the NYPD that the department prohibited discrimination in the workplace based on race, religion, ethnicity or gender.

Response

During the course of his employment with the NYPD, Plaintiff was the target of unrelenting and conspicuous discrimination at the World Trade Center Command [WTCC] based upon his race, religion, and ethnicity by his co-workers, who insulted, harassed, intimidated, and threatened him because of his Jewish faith and heritage, all in the presence of supervisors. Plaintiff was aware that, although his co-workers and supervisors in the NYPD did permit the existence of this hostile environment against him, the vile discrimination he was forced to endure was, and should have been, strictly prohibited in the workplace, and was allowed to persist by supervisors who knew this was occurring and failed to take any action abating the unremitting discrimination specifically directed at Plaintiff on a daily basis. Because Plaintiff knew this type of discrimination perpetuated against him by his fellow NYPD officers and allowed by supervisors was prohibited, Plaintiff did file a complaint, and sought the assistance of, the Office of Equal Employment Opportunity [OEEO] maintained by the NYPD, which utterly failed to protected him from the onslaught of Anti-Semitic rhetoric and threats of violence against him. The written materials and information Plaintiff received in the

4

>           Police Academy, the information posted on the bulletin
>           boards at the WTTC, supervisory officers' addresses,
>           and NYPD Patrol Guide provisions, concerning the NYPD
>           Office of Equal Employment Opportunity and unlawful
>           discrimination in the workplace, led Plaintiff to
>           believe, albeit falsely, that the NYPD took discrimina-
>           tion in the workplace seriously and would assist an
>           employee who was the target of workplace discrimination
>           in being protected from hostile working conditions. In
>           direct contradiction to the aforementioned materials,
>           information, addresses, and official Department provi-
>           sions, the NYPD, specifically Plaintiff's co-workers
>           who visibly and relentlessly insulted, harassed, intim-
>           idated, and threatened Plaintiff, the supervisors who
>           were entrusted with the duty of managing, directing,
>           and controlling Plaintiff's co-workers, the Commanding
>           Officer of the WTCC who refused to take any corrective
>           action to assist Plaintiff and enabled the, by his own
>           admission, "hostile work environment" to continue
>           against Plaintiff, and the OEEO and its supervisory
>           staff of investigators who conducted a careless and
>           slipshod investigation which not only failed to assist
>           Plaintiff but negligently, recklessly, and/or purpose-
>           fully misplaced, deleted, and/or lost the recording of
>           Plaintiff's initial and subsequent complaint and plea
>           for assistance.

(See Requests to Admit, dated May 4, 2017, annexed as Ex. 1 to Defs.' Motion; Plaintiff's Response to Notice to Admit, dated June 3, 2017, annexed as Ex. 2 to Defs.' Motion (collectively, "RFAs and Responses")). Plaintiff seems to be admitting that, although the NYPD had a published anti-discrimination policy, that policy was not actually followed.

The responses to RFAs one through seven should be supplemented because plaintiff has failed to admit or deny the RFAs or otherwise comply with Fed.R.Civ.P. 36(a)(4). Although

plaintiff may include the qualifying language above, he is required to either admit or deny the requests, or "specify the part admitted and qualify or deny the rest." Fed.R.Civ.P. 36(a)(4). Therefore, defendant's motion to compel plaintiff to serve amended responses to RFAs one through seven is granted.

> 2. RFAs 50 through 57, 61 and 63 through 65,
> Plaintiff's Statements in Text Messages

In RFAs 50 through 57, 61 and 63 through 65, defendants sought plaintiff's admissions regarding words that plaintiff allegedly used in text messages to other police officers. Examples of the RFAs and responses in this category are as follows:

> Request No. 50
>
> On one or more occasions, you referred to another officer in a text message or in conversation as the "Mexican."
>
> Response
>
> Plaintiff objects to said matter as being immaterial, irrelevant and contrary to Magistrate Judge Pitman's [Order, dated May 15, 2017 (D.I. 93)]. Notwithstanding said objection, Plaintiff has no recollection of ever referring to another officer as the "Mexican."
>
> Request No. 63
>
> You sent one of [sic] more text messages to other offices [sic] that you understood could be offensive to Jews.

>    Response
>
>    Plaintiff objects to said matter as being immaterial,
>    irrelevant and contrary to Magistrate Judge Pitman's
>    [Order, dated May 15, 2017 (D.I. 93)]. Notwithstanding
>    said objection, Plaintiff has no recollection of ever
>    sending text messages "to other offices [sic] that you
>    understood could be offensive to Jews."

(see RFAs and Responses).

Plaintiff's responses to these RFAs are insufficient. Plaintiff's statement that he does not recall sending the text messages is tantamount to a statement that he can neither admit nor deny the request. However, plaintiff has not indicated whether he conducted a reasonable inquiry of his text messages before asserting that he could not recall whether he sent them, as is required by Fed.R.Civ.P. 36(a)(4). Further, the portion of the RFAs that solicit plaintiff's opinion as to whether the text messages were offensive are proper because RFAs may solicit a party's opinion. See Fed.R.Civ.P. 36(a)(1)("A party may serve on any other party a written request to admit . . . relating to . . . facts, the application of law to fact, or opinions about either") (emphasis added). Thus, defendant's motion to compel plaintiff to serve amended responses to RFAs 50 through 57, 61 and 63 through 65 is granted.

3. RFAs 44 through 49,
   Plaintiff's Statements
   in Unspecified Communications

In RFAs 44 through 49, defendants sought plaintiff's admissions regarding words he allegedly used to refer to other officers. Unlike the RFAs discussed in the preceding section, these RFAs do not specify whether the statement was written or oral or otherwise indicate when or how the communication was made. An example of an RFA and response in this category is as follows:

> Request No. 44
>
> On one or more occasions, you referred to Police Office[r] Vlad Hamilton as "Communist."
>
> Response
>
> Plaintiff objects to said matter as being immaterial, irrelevant and contrary to Magistrate Judge Pitman's [Order, dated May 15, 2017 (D.I. 93)]. Notwithstanding said objection, Plaintiff has no recollection of ever referring to Vlad Hamilton as a "Communist."

(see RFAs and Responses).

Plaintiff's responses to these requests are sufficient. By stating that he has no recollection, plaintiff has effectively taken the position that he has searched his memory and has concluded that he can neither admit nor deny the request. Defendants have not suggested any other inquiry that plaintiff could have undertaken to respond to these requests. Therefore,

defendants' motion to compel amended responses to RFAs 44 through 49 is denied.

    4.   RFAs 16, 23, 24, 26,
          30 through 33, 58 and 62,
          <u>Overlap with Deposition Testimony</u>

RFAs 16, 23, 24, 26, 30 through 33, 58 and 62, pose various inquiries. Plaintiff's responses to each of these contain a citation to certain portions of plaintiff's deposition testimony without further explanation. Plaintiff argues that "the overwhelming majority" of the RFAs were "definitely posed as questions . . . and answered, <u>ad</u> <u>nauseam</u>, by Plaintiff" at his deposition (Pl.'s Opp. at 2). Plaintiff did not quote the specific testimony in his responses to these RFAs or in his submissions to me and it is, therefore, impossible to determine if plaintiff's responses are sufficient. Further, on their face, plaintiff's responses fail to comply with the substance of Fed.R.Civ.P. 36(a)(4). Thus, defendants' motion to compel amended responses to RFAs 16, 23, 24, 26, 30 through 33, 58 and 62 is granted.

5. RFAs 59, 60 and 118 through 139,
Objections Based on May 2017 Discovery Order

Defendants have not challenged the sufficiency of plaintiff's responses to RFAs 59, 60 and 118 through 139. Instead, defendants argue that plaintiff has improperly objected to these RFAs on the basis that they are contrary to the discovery order I issued on May 15, 2017 (D.I. 93).[1] I need not address this dispute, however, because plaintiff has not relied on this objection to refuse to respond to any of these RFAs.[2] Thus, there is thus no dispute for me to resolve and this aspect of defendants' motion to compel is denied.

IV. Conclusion

Therefore, for the reasons discussed in this Opinion, defendants' motion to compel (D.I. 101) is granted in part as follows: plaintiff shall serve amended responses to RFAs 1 through 7, 16, 23, 24, 26, 30 through 33, 50 through 58 and 61

---

[1] Defendants' objections to this Order were overruled by the Honorable Analisa Torres, United States District Judge, on June 22, 2017 (D.I. 103).

[2] Defendants have also challenged plaintiff's use of this objection in response to many of the other RFAs that are addressed in this Order. However, as with the RFAs discussed in this section, plaintiff has responded to the other RFAs at issue notwithstanding his objection and, thus, it is unnecessary to address the validity of the objection.

through 65 within 14 days of this Order. Defendants' motion to compel is otherwise denied. The Clerk of the Court is to mark Docket Items 101 and 104 as closed.

Dated: New York, New York
August 1, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel